**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 13, 2023

Gregory V. Varallo, Esquire
Daniel E. Meyer, Esquire
Bernstein Litowitz Berger &
 Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, Delaware 19801

> RE: *In re Lordstown Motors Corp.*,
> C.A. No. 2023-0083-LWW

Dear Counsel,

I have reviewed your letter on behalf of the stockholder plaintiffs (the "Plaintiffs") in the action captioned *In re Lordstown Motors Corp. Stockholder Litigation* (the "Consolidated Action").[1] The letter avers that "overlapping issues" between the Consolidated Action and the above-referenced action pursuant to 8 *Del. C.* § 205 (the "Section 205 Action") prompted the Plaintiffs to appear as

---

[1] *In re Lordstown Motors Corp. S'holder Litig.,* Consol. C.A. No. 2021-1066-LWW (Del. Ch.).

"interested parties" in the latter.[2] You also express a belief that an "adversarial" process in the Section 205 Action will "assist the Court in examining the factors set forth in Section 205(d)" and "request" that the court allow the Plaintiffs to "take targeted discovery" in the Section 205 Action "on an expedited basis."[3]

The Plaintiffs—like any Lordstown stockholder—are welcome to appear and be heard at the hearing scheduled in the Section 205 Action on February 20, 2023. The Form 8-K filed by Lordstown to give notice of the February 20 hearing also explains the process for filing a written submission in advance of the hearing.[4] As the notice describes, stockholders may appear at the hearing or file a written submission to express a position on the Section 205 Action.

Beyond that, there are several problems with your request.

First, as a technical matter, it was made in a letter rather than a formal motion. "Requests for judicial action are to be made by motion."[5]

---

[2] Ltr. from Gregory V. Varallo, Esq. to The Hon. Lori W. Will, *In re Lordstown Motors Corp.*, C.A. No. 2023-0083-LWW (Del. Ch.) (Dkt. 6) ("Ltr.").

[3] *Id.* at 2.

[4] Aff. of Kevin M. Gallagher, Esq. (Dkt. 7) Ex. A.

[5] *Binns v. Johnson*, C.A. No. 2022-0505-PAF, at 2 (Del. Ch. Feb. 6, 2023) (first citing Ct. Ch. R. 7(b)(1) ("An application to the Court for an order shall be by motion . . . ."); and then citing *Cowan v. Furlow*, 2022 WL 3269982, at *2 (Del. Ch. Aug. 11, 2022) ("[A]ny request for relief must be made by motion, not letter, under Court of Chancery Rule 7(b).")).

Your letter also does not identify any "overlapping issues" between the Section 205 Action and the Consolidated Action.[6] None of substance are apparent to me. The outcome of the Section 205 Action will not meaningfully affect the Consolidated Action, which asserts breach of fiduciary duty claims in connection with a de-SPAC transaction. The converse is also true.

As such, this Section 205 Action is quite different from the *In re Mullen Automotive, Inc. Stockholder Litigation* matter cited in your letter. There, the plaintiffs filed an action seeking declaratory relief because the results of common stockholders' vote on a charter amendment were allegedly mistabulated.[7] Some expedited discovery ensued. The company subsequently determined that it would file a Section 205 petition to validate the charter amendment in question.[8] The stockholder plaintiffs appeared at the Section 205 hearing to support the relief sought

---

[6] Ltr. at 1.

[7] Verified S'holder Deriv. Compl., *In re Mullen Auto. Inc. S'holder Litig.*, C.A. No. 2022-1131-LWW (Del. Ch.) (Dkt. 1).

[8] Order, *In re Mullen Auto. Inc. S'holder Litig.*, C.A. No. 2022-1131-LWW (Del. Ch.) (Dkt. 38).

in the petition and presented relevant evidence obtained through discovery in the plenary action.[9]

This Section 205 Action, however, was not born of the Consolidated Action. Rather, a decision in an unrelated matter prompted Lordstown to seek certainty that a charter amendment and shares of common stock issued in reliance on that amendment are valid.[10] Lordstown is one of many companies pursuing similar relief in this court.

Moreover, I do not require the Plaintiffs' assistance to determine whether this court's equitable authority under Section 205 should be exercised. Your letter notes "the important function of adversarial litigation in the validation process,"[11] relying upon a leading treatise's observation that the "Court may, in its discretion, appoint special counsel" to oppose an unopposed petition under Section 205.[12] The treatise cites to a letter filed in *In re Baxter International Inc.*, where the court expressed

---

[9] *See* Pls.' Br. in Resp. to Section 205 Pet., *In re Mullen Auto., Inc.*, C.A. No. 2023-0041-LWW (Del. Ch.) (Dkt. 6); *In re Mullen Auto. Inc. S'holder Litig.*, C.A. No. 2022-1131-LWW, at 25-37 (Del. Ch. Jan. 23, 2023) (TRANSCRIPT).

[10] *See Garfield v. Boxed, Inc.*, 2022 WL 17959766 (Del. Ch. Dec. 27, 2022).

[11] Ltr. at 2.

[12] 1 R. Franklin Balotti & Jesse A. Finkelstein, *The Delaware Law of Corporations and Business Organizations* § 6.33 (4th ed. 2023-1 Supp.) (noting that the court may appoint special counsel to oppose unopposed Section 205 petitions).

"concern that Baxter's application [fell] outside the scope of matters the Court may adjudicate under 8 *Del. C.* § 205 . . . ."[13]  The court in *Baxter* remarked that the "particular nature of the application in th[at] case" supported the appointment of counsel to provide "opposing views on the application."[14]  But unlike in *Baxter*— where the court questioned whether the company posed "an interpretative question for which an advisory opinion was being sought"[15]—the Section 205 Action plainly concerns a historical corporate act.

Thus, I do not believe that expedited discovery is warranted here.  If the Plaintiffs have obtained discovery in the Consolidated Action that they believe might bear on the court's analysis in the Section 205 Action, they may present such evidence at the February 20 hearing.  The Plaintiffs may also raise any specific concerns with the assertions in Lordstown's Section 205 petition or the relief sought.

---

[13] Ltr. to Counsel at 1, *In re Baxter Int'l Inc.*, C.A. No. 11609-CB (Del. Ch. Oct. 28, 2015) (Dkt. 7).

[14] *Id.*

[15] *See In re Baxter Int'l Inc.*, C.A. No. 11609-CB, at 13 (Del. Ch. Oct. 26, 2015) (TRANSCRIPT).

The filing of a Section 205 petition does not, however, license stockholders to fish for potential deficiencies in the validation process.[16]

To the extent that the Plaintiffs' request for expedited discovery is properly before me for decision, it is DENIED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

cc:     All counsel of record (by File & Serve*Xpress*)

---

[16] I note that granting expedited discovery here—and potentially in the multiple other Section 205 actions presently pending before this court—would impose needless burdens in matters where efficiency is paramount.